UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Coy E. Pless, Jr**., <br> dba: Lakeside Chiropractic, <br> dba: Complete Wellness Medical Center, <br> dba: Anderson Wellness Center, <br> dba: CEP Jr Inc, <br> dba: Chiropractic of America, <br> dba: Pless Clinic of Chiropractic, <br><br>                   Petitioner, <br><br> vs. <br><br> **United States of America**; and <br> **Palmetto Bank**, <br><br>                   Respondents. | ) C/A No. 8:06-0221-GRA-BHH <br> ) [*formerly* Misc. No. 6:06-MC-14-BHH] <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **Report and Recommendation** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

_____

# *Background of this Case*

This is a civil action to quash a third-party summons issued by the Internal Revenue Service (hereinafter "the Service"). In an order (Entry No. 3) filed in the above-captioned case on January 23, 2006, the undersigned directed the plaintiff to pay the remaining portion of the filing fee and to answer Special Interrogatories. The order of January 23, 2006, is quoted herein:

1

The above-captioned case was received "over the counter" from a *pro se* litigant on Friday, January 20, 2006, in the Clerk's Office in Greenville. The above-captioned case concerns a motion to quash a third party summons issued by the Internal Revenue Service (hereinafter "the Service"). The petitioner paid a filing fee of thirty-nine dollars ($39), see Receipt No. 600002773 (DSC), and submitted a proposed summons.

Under new guidelines issued by the Administrative Office of United States Courts in December of 2005, adversarial proceedings are to be assigned civil action numbers. The above-captioned case is clearly an adversarial proceeding, which presents a "case or controversy" as required by Article III. The Congress has provided that the filing fee for a civil action is two hundred fifty dollars ($250). 28 U.S.C. § 1914. As a result, the plaintiff has paid only $39 of the $250 filing fee. Since the petitioner's failure to pay the full $250 filing fee resulted from a clerical error, **the undersigned is giving the petitioner ten (10) days to pay the remaining two hundred eleven dollars ($211) owed for the filing fee in the above-captioned case.**

The petitioner can pay the remaining portion of the filing fee in person at the Clerk's Office in Greenville or he can mail the payment (check or money order) to the Clerk's Office in Greenville. If possible, the petitioner should indicate on the check that it (the check or money order) is for the payment of the remaining portion of the filing fee in Civil Action No. 8:06-0221-GRA-BHH. The check for the remaining portion of the filing fee should be made payable to "Clerk, U.S. District Court."

If the petitioner timely pays the remaining $211 of the filing fee, the Clerk of Court shall, then, issue the proposed summons submitted by the petitioner. In other words, if the petitioner pays the remaining portion of the filing fee, the Clerk of Court shall authorize service of process the respondents, the United States Attorney for the District of South Carolina, and the Attorney General of the United States under Rule 4(i). The Clerk of Court shall indicate on the summons that the respondents have sixty (60) days in which to file an answer. *See* Fed. R. Civ. P. 12(a)(3).

If the petitioner pays the remaining $211 of the filing fee, the petitioner will be responsible for service of process. The petitioner will be required to serve the summons and a copy of the motion to quash upon the Palmetto Bank, the Attorney General of the United States, and the United

States Attorney for the District of South Carolina **by Certified Mail or Registered Mail**, as required by Rule 4(i).

The petitioner is also directed to submit answers to the Rule 26.01 Interrogatories and to return them to the Clerk's Office in Greenville within ten (10) days. If the plaintiff does not timely comply with this order, the Clerk of Court shall return the file to the undersigned.

The *pro se* petitioner is hereby, apprised, of Rule 4(m). Rule 4(m) [formerly Rule 4(j)] of the Federal Rules of Civil Procedure provides that unless a defendant is served within 120 days after the complaint (or initial pleading) is filed, this court is required to dismiss an action without prejudice as to that particular defendant or respondent. Case law interpreting Rule 4(m) or its predecessor, "old" Rule 4(j), has uniformly held that dismissal is mandatory unless good cause is shown if the defendants are not served within 120 days. *See*, *e.g.*, Mendez v. Elliott, 45 F.3d 75, 78-80, 1995 U.S.App. LEXIS® 1432 (4th Cir. 1995)(collecting cases); Epstein v. White, 1991 U.S.Dist. LEXIS® 14888, 1991 WESTLAW® 214152 (N.D.Ill., October 18, 1991), *reconsideration denied*, Epstein v. Frye, 1992 U.S.Dist. LEXIS® 13574, 1992 WESTLAW® 225566 (N.D.Ill., September 8, 1992); and *cf*. Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d 297, 1991 U.S.App. LEXIS® 13888 (7th Cir. 1991). The petitioner is reminded that insufficiency of process is a defense in federal court.

The petitioner is a *pro se* litigant. His attention is directed to the following important notice:

**TO THE PETITIONER:**

You are ordered to always keep the Clerk of Court advised **in writing (Post Office Box 10768, Greenville, South Carolina 29603)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, **your case may be dismissed for violating this order.** Therefore, if you have a change of address before this case is ended, you must comply with his order by immediately advising the Clerk of Court in writing of such change of address **and providing the Clerk of Court with the docket numbers of all**

> **pending cases you have filed with this court.** Your failure to do so will not be excused by the court.
>
> Put this order with your own record of this case so that you will not overlook your duty. If an attorney serves you by mail on behalf of a defendant or a respondent, you also have a duty to notify that attorney if your address is to be changed for mail purposes.
>
> The petitioner is, hereby, informed that if his address changes in the future, he must provide his own address to the Office of the Clerk of Court. Hence, the Office of the Clerk of Court shall not enter any change of address submitted by the petitioner which directs that mail be sent to a person other than the petitioner (unless, of course, that person is an attorney admitted to practice before this court who has entered a formal appearance).

(Standard change of address order, which is issued in all *pro se* cases in the District of South Carolina). Moreover, for the reasons pointed out in the Order filed by the Honorable G. Ross Anderson, Jr., United States District Judge, in Misc. No. 6:03-MC-179 on December 8, 2003, **no filings in the above-captioned case are to be accepted from Robert Clarkson** (who is a disbarred attorney active in tax protester and jury nullification activities). *See* In Re Robert Barnwell Clarkson, 271 S.C. 5, 244 S.E.2d 512 (1978).

      For the petitioner's future reference, if the petitioner wants copies (of items that he files with the Clerk's Office) returned to him, he (the petitioner) must provide the copies and a self-addressed envelope with sufficient postage attached to the envelope. The plaintiff is, also, hereby, apprised that, after counsel for the respondents has entered an appearance or filed an answer, a copy of any subsequent (future) pleading, motion, and other paper filed by the petitioner with the Clerk of Court, in connection with the above-captioned case (Civil Action No. 8:06-0221-GRA-BHH), is to be served upon all counsel of record for the respondents and that a certificate of such service (*aka* "Certificate of Service") is to be filed with the Office of the Clerk of Court. *See* Lewis v. Sheahan, 35 F.Supp.2d 633, 634 n. 1, 1999 U.S.Dist. LEXIS® 910 (N.D.Ill. 1999).

      In all future filings with this court, the petitioner is directed to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper. The petitioner is further instructed not to write to the edge of the paper, but to maintain one-inch margins on the

> top, bottom, and sides of each paper submitted. The petitioner is directed to comply with the requirements for "short and plain" statements of claims and defenses in all pleadings under Rule 8 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) as well as the requirements for "concise summary," "concise statement," and "brevity" set forth in Local Civil Rule 7.05 of the United States District Court for the District of South Carolina. The petitioner's attention is directed to the court's privacy notice on the last page of this order.

(Order of January 23, 2006 [Entry No. 3], at pages 1-7 [footnotes omitted from quotation]). Although this quotation appears in twelve-point font in this Report and Recommendation (so that the quoted language will be in contrasting size), the main text of the order of January 23, 2006, appeared in 14.2 font in the original. No response to the order of January 23, 2006, has been received from the plaintiff.

The language in the order of January 23, 2006, appeared in 14.2 Arial font. As a result, the language in the order of January 23, 2006, was conspicuous and straightforward because of the fonts used. *See* <u>Taliaferro v. Associates Corp. of North America</u>, 112 F.Supp.2d 483, 1999 U.S.Dist. LEXIS® 22504 (D.S.C. 1999)(courts may use Uniform Commercial Code definition of conspicuous in determining whether document at issue is conspicuous), *affirmed*, 229 F.3d 1144, 2000 U.S.App. LEXIS® 19953, 2000 WESTLAW®1144601 (4th Cir., August 14, 2000)(discussing what constitutes "conspicuous" under the Uniform Commercial Code); and <u>Jones v. General</u>

Electric Co., 331 S.C. 351, 362, 503 S.E.2d 173, 179, 1998 S.C.App. LEXIS® 69 (S.C.Ct.App. 1998)("Therefore, we must look to other areas of the law for a meaningful definition" of conspicuous because the Supreme Court of South Carolina "did not define conspicuous"), which is cited by the Honorable Patrick Michael Duffy, United States District Judge, in Taliaferro, supra.  In Jones v. General Electric Co., the Court of Appeals of South Carolina relied on South Carolina's version of the Uniform Commercial Code, which indicated that a term or clause is conspicuous when it is printed in capital letters, is in larger type, or is in contrasting type or color.  503 S.E.2d at 179-180.

      The plaintiff has not responded to the order of January 23, 2006. This means that the Answers to the Court's Special Interrogatories and the remaining portion of the filing fee have not been submitted by the plaintiff.  In light of the plaintiff's failure to respond to the twenty-day order of January 23, 2006, it is not necessary to determine whether the above-captioned case is subject to summary dismissal.

      The General Order filed on November 1, 2005 (Misc. No. 3:05-MC-5010-JFA), which provides that the Clerk of Court shall forward to a United States District Judge a prisoner case in which the litigant has not responded to a twenty-day order, applies only to prisoner cases.  Since the

*pro se* plaintiff is not a prisoner, the undersigned is issuing this Report and Recommendation.

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process because the plaintiff has not responded to the "twenty-day" order of January 23, 2006. The plaintiff's attention is directed to the Notice on the next page.

            Respectfully submitted,

            BRUCE H. HENDRICKS
            UNITED STATES MAGISTRATE JUDGE

February 28, 2006
Greenville, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" &
## The Serious Consequences of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office 10768**
**Greenville, South Carolina 29603**
